THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

COMPLAINT

Bailey #64912
(Last Name) (Identification Number)
Vincent Tito
(First Name) (Middle Name)
South Mississippi Correctional Institute
(Institution)
P.O. Box 1419, Leakesville, Ms 39451
(Address)
(Enter above the full name of the plaintiff, and address of plaintiff in this action)



3:11cv300-CWR-FKB

V.

Christopher Epps, Commissioner

Emmitt L. Sparkman Deputy C.I.

Bertha Spivey, STG Coordinator

James Fillyaw Director O.S.

Johnnie Ellis, Classification Designee

Eddie Cates Asst. Director of O.S.

Margaret Bingham, Superintendent

(Enter above the full name of the defendants in the action)

OTHER LAWSUITS FILED BY PLAINTIFF

The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?
Yes ( ) No (X)

1.

# PARTIES

(In item I below place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

1. Name of plaintiff Vincent Tito Bailey   Prisoner Number #64912
Address South Mississippi Correctional Institute, SHU 8 A-Zone, P.O. Box 1419, Leakesville, Ms. 39451

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant Christopher B. Epps is employed as Commissioner at Mississippi Dept. of Corrections,

2.1 Defendant Emmitt L. Sparkman is employed as Deputy Commissioner of Institutions at Mississippi Dept. of Corrections

2.2 Defendant Bertha Spivey is employed as Security Threat Group Coordinator at C.M.C.F.

2.3 Defendant James Fillyaw is employed as Director of Offender Service at C.M.C.F.

2.4 Defendant Johnnie Ellis is employed as Classification Designee at C.M.C.F.

2.5 Defendant Eddie Cates is employed as Assistant Director of Offender Services at C.M.C.F.

2.6 Defendant Margaret Bingham is employed as Superintendent at C.M.C.F.

2.7 Defendant _____ is employed as _____ at _____

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the names(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF

NAME: Vincent Tito Bailey
ADDRESS: SHU 8 A-Zone, Leakesville, Ms. 39451

DEFENDANT(S)

| NAME | ADDRESS |
|---|---|
| Christopher Epps Comm. | 723 N. President Street, Jackson Ms. 39202 |
| Emmitt L. Sparkman D.I.C. | 723 N. President Street, Jackson Ms. 39202 |
| Bertha Spivey STGC | P.O. Box 88550, Pearl Ms. 39288 |
| James Fillyaw DOS | P.O. Box 88550, Pearl Ms. 39288 |

3.

| | |
|---|---|
| Johnnie Ellis Classification Designee | P.O. Box 88550, Pearl Ms. 39288 |
| Eddie Cates ADOS | P.O. Box 88550, Pearl Ms 39288 |
| Margaret Bingham, Superintendent | P.O. Box 88550, Pearl Ms 39288 |

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

Yes (X)  No ( )

B. Are you presently incarcerated for a parole violation?

Yes ( )  No (X)

C. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?

Yes (X)  No ( )

D. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?

Yes (X)  No ( )

E. Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

Yes (X)  No ( )  exhaustion evidence attached.

F. If you are not an inmate of the Mississippi Department of Corrections, answer the following questions? N/A

4.

# STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph (Use as much space as you need, attach extra sheet if necessary.)

3.1 Defendant, Christopher Epps, Commissioner of the Mississippi Department of Corrections. Signed a Security Threat Group Leadership Policy, into effect Nov. 20, 2001. This policy was amended Jan. 1, 2009. The mandatory language of the policy in question. Confers a state created liberty interest in avoiding placement. In M.D.O.C.'s STG Management Unit. Absent certain substantive predicates. The policy in question is deeply rooted in U.S. Supreme Court and Fifth Circuit precedent. However Commissioner Epps, has failed to train his surbondinates to administer this policy in a way that comports with due process. The policy as enforced by M.D.O.C. systematically denies inmates. The process due inmate being considered for placement in M.D.O.C.'s Security Threat Group Management Units. The way the policy is being enforced. Denies inmates a complete monopoly of rights due inmates. Being considered for placement under STG restraints. The way the policy is being enforced deprived the plaintiff of the following due process rights. 1.) The plaintiff was denied the opportunity to present his views to the charging authority responsible for deciding whether to place him in M.D.O.C.'s STG Management Unit. 2.) Failure to post this policy denies notice 3.) Failure to state in the detention notice specific facts that will enable a inmate. To be able to marshall the facts

and defend against the charges denies adequate notice. 3.) The conduct of the hearings deprive inmates of a meaningful opportunity to be heard. Where inmates are simply read the allegations contained in the detention notice and Close C-Custody restraints for STG Leadership Purposes are imposed. 4.) Failure to provide evidence at the hearings also denies due process. 5.) Failure to provide meaningful periodic reviews also denies due process. The way the policy is enforced. Requires a inmate to enter a 8 phase program renounce his ofilration with gangs. And debrief provide information on that particular gang. If as in the instant case the conduct of the hearing violates due process and You or forced to challenge you detention. You do not receive meaningful periodic reviews you are stuck in phase 1. And subject to remain on lockdown under harsh restraints indefinitely. Such administration of the policy denies due process.

3.2 Defendant, Emmitt L. Sparkman, is Deputy Commissioner of Corrections who is actually responsible for enforcing the STG Leadership policy. He also is the only person who can approve a recommendation that a inmate be release ~~from~~ STG Leadership restraints. I contacted Mr. Sparkman by mail. But he did not give me any relief. He responded through Case Manager Linda Hardin. Simply reaffirming what was stated in my detention notice. Mr. Sparkman is M.D.O.C.s designated Official ~~that~~ in his official position as Deputy Commissioner of Corrections, is responsible for enforcing M.D.O.C.s policies and procedures. And making sure his surbordinates enforce these policies and procedures in a way that meets constitutional muster. The way M.D.O.C.s STG

Leadership Policy is enforced. Denies inmates accused of being leaders a complete monoply of procedural and evidentiary protection they are due. Defendant E.L. Sparkman has failed to train his surbordinates to correctly carry out thier duties. As will be demonstrated below.

3.3. The plaintiff, Vincent Bailey # 64912 was deprived of a state created liberty interest. When he was transfered from General Population at Louisville Correctional Facility. And placed on administrative segregation pending reclassification. At C.M.C.F. Rankin County on Dec. 22, 2010. The STG Coordinator Defendant, Bertha Spivey is identified as the charging authority. Responsible for providing information to validate the plaintiff as a leader of a gang. Bertha Spivey denied the plaintiff a opportunity to present his views prior to placing him in M.D.O.C's STG management Units. And further set in to play a chain of events that caused the plaintiff to be denied adequate notice of charge. Where the detention notice sites only vague allegations of mis conduct. And does not inform the plaintiff of lawful reasons for his detentions. On Dec. 23, 2010 the plaintiff was served with a detention notice that stated.

Offender Vincent Bailey # 64912 is an identified Security Threat Group STG Leader who poses a threat to the safe and secure operations of M.D.O.C. facilities. Offender Bailey will remain in Adm. Segregation Close Confinement.

7.

Facts:

Offender Bailey has been validated as a STG Leader.

Such detention notice denies adequate notice of charge. And would aid in denying the plaintiff meaningful opportunity to be heard and would aid in denying a meaningful hearing altogether.

3.4. Defendant, James Fillyaw approved the unconstitutionally vague detention notice Dec. 23, 2010.

3.5. On Dec. 28, 2010 a reclassification hearing was held, Case Manager, Defendant, Johnnie Ellis, presided over the hearing. And the conduct of the hearing only consisted of the plaintiff being read the vague allegations set forth in his detention notice. No evidence of recent recalcitrant behavior was introduced at the hearing only the following information.

3.6 A R.V.R. (Rule Violation Report) received for having a sharpen instrument on July 15, 2008. In which the plaintiff had already been disciplined.

3.7 After the hearing Dec. 28, 2010 the plaintiff appealed the decision of the fact finder Johnnie Ellis to Eddie Cates via the administrative remedy program. Mr. Cates denied relief Feb 2, 2011. see attached exhaustion evidence. Mr. Cates failed to correct the errors made by the hearing officer.

3.8. Being grieved the plaintiff commenced the second step of

8.

the administrative remedy process by appealing the first step denial to Superintendent Ms. Margaret Bingham. Ms. Bingham also failed to correct the finding of facts by fact finder Johnny Ellis. The second step appeal process was denied 5-12-11.

3.9 Derivative of the restraints imposed the plaintiff has been held under conditions that impose and atypical and significant hardship in relation to the ordinary incidents of prison life.

3.10 The ordinary incidents of prison life as pertains to the plaintiff are as follows.

a) Inmates at Louisville were not locked down 23 to 24 hours a day. And all meals are eaten in a dinning hall. With other inmates you associate with daily.

b.) Inmates at Louisville were able to shower whenever the showers were open or unoccupied as designated by prison officials.

c.) Inmates at Louisville were able to use the telephone freely when it was unoccupied.

d.) Inmates at Louisville are able to recieve contact visits twice a month. And the plaintiff is married so he was able to recieve conjugal visits twice a month.

e.) Inmates at Louisville enjoyed meaningful recreation. And were

9.

able to participate in a variety of organized sports programs and competitions in several different table games. Such programs gave inmates something positive to look forward to.

f.) Inmates at Louisville were able to participate in meaningful religious programs. With visitors from the free world. Making religious programs actually feel like you are going to Church or a real religous ceremony.

g.) Inmates at Louisville were able to participate in meaningful educational programs. And obtain job skills that will help them make a successful reentry into society.

h.) Inmates at Louisville are able to watch T.V. and listen to radios for entertainment. And watch a variety of movies brought in by prison officials.

i.) Inmates at Louisville are able to purchase food items off canteen. And recieve a package twice a year. Canteen and package purchases are limited to $100.00 Canteen can be purchased twice a week.

j.) Inmates at Louisville get better medical care and dental care in general population. Where medical and dental care request are handled immediately. Also mental health care is more meaningful.

10.

3.11 Whoever on Dec. 22, 2010 the plaintiff's prison life was drastically changed when he was transfer to C.M.C.F. and lockdown in Administrative segregation for STG Leadership Purposes. Since then the plaintiff has been locked down under restraints that imposes and atypical and significant hardship in relation to the ordinary incidents of prison life. For a duration of 4 months 25 days and counting on a period of indefinite confinement unless the plaintiff renounces leadership of a gang not identified in his detention notice. And debriefs on that same unknown gang. Inmates housed on STG Leadership Status endure the following atypical and significant hardships.

a.) Inmates on STG Leadership Status are lockdown 23 to 24 hours a day, 24 hours a day on weekends and holidays. And all meals are eaten in your cell alone.

b.) Inmates on STG Leadership Status have their showers limited to 3 showers per week Mondays Wensdays and Fridays.

c.) Inmates on STG Leadership Status in phase 1 are not allowed to use the phone or get visits until the renounce and debrief and enter phase 2 of the program. Which take at least 6 months R.V.R. free. Once in phase 2 you can use the phone once a month and get a visit one hour through a glass on telephone no contact visit; every 90 days.

d.) Inmates on STG Leadership Status have their recreation reduced ~~to one~~ hour a day 5 days a week in one man recreation pins.

11.

e.) Inmates on STG Leadership Status are not able to participate in meaningful religious programs. Those liberties or restricted to visits from the chaplain upon request and people who come in from the outside once a month or so passing out tracks and Bibles.

f.) Inmates on STG Leadership Status are not allowed to participate in educational programs, provide by M.D.O.C. And obtain job skills that will help them make a successful reentry into society.

g.) Inmates on STG Leadership Status are not allowed to watch T.V. listen to radios and M.P 3 player for entertainment or watch a variety of movies brought in by prison officials.

h.) Inmates on STG Leadership Status are not allowed to purchase food items off canteen. or recieve packages as inmates in General Population.

i.) Inmates on STG Leadership Status have access to medical, dental and mental health care restricted to once a week visits from the appropriate prison staff. And dental health treatment is delayed even longer.

j.) Inmates on STG Leadership Status are denied meaningful periodic review unless they renunce and debrief. And enter phase 2 of the STG program.

3.12 STG Leadership restraints, is the most restrictive form of custody in MnD.O.C. It is a absolute bar from being able to be upgraded in custody level. Unless you renounce and debrief.

3.13 In the instant case the plaintiff has been locked down on administrative segregation since Dec. 22, 2010. And behind the solid steel door since. He was transferred to S.M.C.I at Leakesville On or about Jan. 28, 2011. The minimum length off time the plaintiff can be released from STG Leadership status is 365 days or 1 year. The potential duration of confinement is indefinite on a sentence of __25__ years.

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statues.

1. Declare that the acts and ommissions described here in violated the plaintiff rights under the Constitution and laws of the United States.

2. Enter injunctions ordering defendants to take the plaintiff off S.T.G. Leadership Status and release him into general population.
3. Enter judgment in favor of the plaintiff for nominal damages.
4. Enter judgment in favor of the plaintiff for compensatory damages of $125.00 per day for each day served in confinement.
5. Enter judgment in favor of the plaintiff for punitive damages of $35,000.00

6. Enter judgment in favor of the plaintiff for emotional distress of $25,000.00

7. Enter judgment in favor of the plaintiff for Court Cost.

8. Enter judgment in favor of the plaintiff for Attorney Fees.

Signed this __17th__ day of __May__ 2011.

*Vincent Bailey*
Signature of Plaintiff

MR. VINCENT TITO BAILEY #64912

SHU 8    A-ZONE

P.O. BOX 1419

LEAKESVILLE, MS 39451

I declare under penalty of perjury that the foregoing is true and correct

5-17-2011
Date

*Vincent Bailey*
Signature of Plaintiff

13.