IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON           DIVISION

VINCENT TITO BAILEY                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:11-CV-300-CWR-FKB

CHRISTOPHER EPPS, ET. AL.                              DEFENDANTS

MOTION TO AMEND

Comes now the plaintiff, VINCENT T. BAILEY, pro se in the above styled and numbered cause. Moving this Honorable Court for leave to amend my complaint. Adding a retaliation claim. Whereas to avoid piece mail litigation. Where the claims raised arises out of the same facts alleged in the original complaint. Fed. Rule of Civil Procedure Rule 15 allows amendment of complaints by leave of the Court or Consent of adverse party. Wherefore the plaintiff seeks to amend his complaint Adding the claim below: see paragraph 3.14 of Complaint attached, paragraph 3.15 of complaint pages 13 and 14. Also see amended relief section paragraph 8 page 15. reads as follows;

1.

3.14 Upon returning from a court hearing in this cause on the __14__ day of __AUGUST__ 2012. Shortly after on the __24__ day of __September__ 2012. The plaintiff was ~~placed~~ ~~back~~ ~~in~~ ~~lock~~ ~~up~~ once again lockdown on administrative segregation There was no evidence of wrong doing or rule violations on behalf of the plaintiff. The plaintiff appeal the decision

1.

to lock him down to the prison administration, via the administrative remedy program. Raising a claim of retaliation. The plaintiffs A.R.P. was investigated. And on 2-11-2013 additional defendant Warden R. Byrd answered citing the following." In response to your ARP claim in reference you officials retaliating against you for exercising your rights. your claim has been investigated. The information gathered reveals that staff following policy and procedures of Mississippi Department of Correction and according to MDOC you will remain on long term segregation. I consider this matter resolved at this level. The warden here failed to correct the wrong done to the plaintiff without evidence of wrong doing.

3.15 Defendant Emmitt L. Sparkman, also failed to abide or ensure that prisons under his supervision as Deputy Commission of Corrections who makes final decisions on who is released from STG Detention. Base thier decision based on evidence as provided by M.D.O.C. policy. And consent decrees made in prior litigation with the A.C.L.U.

RELIEF page 15 paragraph 8

8. Enter judgment in favor of the plaintiff for compensatory damages for retaliation against the plaintiff in the sum of $100.00 per day for all days spent in lockdown after release from STG status.

2.

Exhaustion evidence is attached as Exhibit 1 on the retaliation claim. Wherefore the plaintiff moves this court to

2.

grant the instant motion for leave to amend.

Dated 2-14-13

Respectfully Submitted

Vincent Bailey
PROSE PLAINTIFF