IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VINCENT TITO BAILEY                                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:11-cv-300-CWR-FKB

CHRISTOPHER EPPS, ET AL.                                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Bailey is proceeding in this matter *in forma pauperis* and *pro se*.

For the reasons explained in this Memorandum Opinion and Order, the Court finds that Plaintiff's claims should be dismissed for their failure to rise to the level of a constitutional violation. Accordingly, this matter is dismissed with prejudice, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I. Plaintiff's Claims

Plaintiff is currently a convicted prisoner and resides in the custody of the Mississippi Department of Corrections ("MDOC"). Defendants are the Commissioner of the MDOC, Christopher Epps, Deputy Commissioner, Emmitt L. Sparkman, and several MDOC employees involved in the MDOC's custodial classification program. In Bailey's complaint, he alleges that

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

these various officials with the MDOC violated his constitutional rights with regard to his custodial classification. In particular, Plaintiff is aggrieved that he has been classified as a member of a Security Threat Group. Plaintiff argues that this classification process violates his due process rights, and that MDOC unconstitutionally enforces its policy on Security Threat Groups ("STG"). In his complaint, he alleges that Defendants denied him a state-created interest in his custodial classification when he was initially transferred from the general population at the Louisville (Mississippi) Correctional Facility to administrative segregation at the same facility sometime in December 2010. He also alleges that Defendants violated his constitutional rights in a series of transfers beginning December 22, 2010, to Central Mississippi Correctional Facility, located in Pearl, Mississippi, and successive transfers since that time to other facilities in the Southern District of Mississippi. Plaintiff argues that various Defendants have denied his constitutional rights with regard to his classification because they have continued to classify him as a member of an STG and as an STG Leader. He also asserts that he has not been given an opportunity to challenge his classification.

In addition to his claims regarding his classification, he broadly alleges in his complaint that the conditions under which he is housed pose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. He alleges that his continued housing in "lockdown," with its resulting limitations of showers, phone and visitation privileges, recreation, religious services, educational programs, access to television and radio, and canteen privileges, violates his constitutional rights. He also argues that MDOC's system of classification restricts his access to medical, dental, and mental health care. He argues that because the only way he can upgrade his custody status is if he "renounces" and "debriefs," the policy violates his

constitutional rights.

At the omnibus hearing, Plaintiff was given an opportunity to elaborate upon his claims. While he continued to argue that he was in administrative segregation or "lockdown" until June 2012, he admitted that he was given monthly periodic reviews of his custody status by his case managers at the various facilities at which he was housed. During the omnibus hearing, Bailey failed to allege any specific injuries he had suffered as a result of being housed in administrative segregation. Further, at the time of the omnibus hearing in August 2012, he informed the Court that he had been removed from administrative segregation and reclassified to "C" status custody.

In his complaint, he asks to be released to the general population and for compensatory and punitive damages as relief. Additionally, at the omnibus hearing, he asked the Court to remove the STG designation from his prison file.

## II. Discussion

Having considered the Plaintiff's omnibus hearing testimony, his Complaint, and his various filings, the Court finds that Plaintiff's allegations simply do not state a claim of constitutional proportions. In simple terms, Plaintiff objects to his custodial classification as a member of an STG, with its resulting housing and privilege restrictions. His claims fail on two bases. First, "[u]nder Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Nor does he have a constitutional right to be housed in a particular prison facility. See McKune v. Lile, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.");

Meachum v. Fano, 427 U.S. 215, 225 (1976)(convicted prisoner has no right to incarceration in any particular prison).

The second basis on which Plaintiff's claims fail is that the restrictions on his privileges and classifications do not rise to the level of a constitutional violation.  That is, the conditions Plaintiff describes, while restrictive compared to what he apparently experienced at the Louisville (Mississippi) Correctional Facility, do not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472 (1995).  Despite the restrictions of administrative segregation, as alleged by Plaintiff, Plaintiff admits that he still had access to privileges, albeit in a limited fashion, and not to his liking.  In other words, his administrative segregation, as he described it, did not eliminate his various privileges.  As the Fifth Circuit has held, "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).

Therefore, because the Plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case).  Thus, Plaintiff's claims are meritless and are hereby dismissed.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court finds that Plaintiff's claims should be dismissed with prejudice.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a

separate judgment will be entered.

SO ORDERED, this the 11th day of September, 2013.

/s/   F. Keith Ball<br>
UNITED STATES MAGISTRATE JUDGE